RECEIVED
IN ALEXANDRIA, LA

JAN 2 0 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JACKIE RAY BUSH | CIVIL ACTION NO. 05-1682-A |
| VS. | SECTION P |
| WARDEN BURL CAIN | JUDGE DRELL |
| | MAGISTRATE JUDGE ~~LITTLE~~ KIRK |

### REPORT AND RECOMMENDATION

Before the court is the petition for writ of *habeas corpus* (28 U.S.C. §2254) filed by *pro se* petitioner Jackie Ray Bush on or about September 21, 2005. Bush is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary, Angola, Louisiana, where he is serving a twenty-five year sentence imposed after his conviction for attempted armed robbery in the Ninth Judicial District Court, Rapides Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court

### STATEMENT OF THE CASE

The petition, memorandum, and exhibits, along with the reliable published jurisprudence of the State of Louisiana, establish the following relevant facts:

1. On some unspecified date petitioner was convicted of attempted armed robbery following trial by jury in the Ninth

Judicial District Court. On some unspecified date following conviction, petitioner was sentenced to serve twenty-five years at hard labor.

2. On October 13, 1999, petitioner's conviction was affirmed in an unpublished opinion of the Third Circuit Court of Appeals. See <u>State of Louisiana v. Jackie Ray Bush</u>, No. 99-00174 (La. App. 3d Cir. 10/13/99). He subsequently sought writs in the Louisiana Supreme Court; however, on June 15, 2001, his writ application was denied. <u>State of Louisiana v. Jackie Ray Bush</u>, 2000-1631 (La. 6/15/2001), 793 So.2d 1233. Petitioner did not seek further direct review in the United States Supreme Court.[1]

3. On or about April 17, 2002 petitioner filed an Application for Post-Conviction Relief in the Ninth Judicial District Court. Therein he argued "ineffective assistance of counsel... actual innocence[,] misidentification ... malicious prosecution." [See Exhibits, Application for Post-Conviction Relief]

4. On January 22, 2003 his Application was denied by the trial court. [Exhibits, "Denial of Post-Conviction Relief"] He apparently sought writs in the Third Circuit but his application was apparently denied. Thereafter he sought review in the

---

[1] While this fact was not alleged, a review of the United States Supreme Court internet data base and a review of the Westlaw® data base reveals that petitioner did not seek writs in the United States Supreme Court.

Louisiana Supreme Court, and, on September 24, 2004, this writ application was denied. See State ex rel. Jackie Ray Bush v. State of Louisiana, 2003-KH-2336 (La. 9/24/2004), 882 So.2d. 1153.

5. Petitioner signed, and thus filed his federal *habeas corpus* petition on September 21, 2005.[2] [Doc. 1-1, p. 6]

## LAW AND ANALYSIS

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. Villegas v. Johnson, 184 F.3d 467, 468 (5th Cir. 8/9/1999); Lindh v. Murphy, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) now provides a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a state court. This limitation period generally runs from the date

---

[2] The pleadings were received and filed on September 26, 2005. However, the "mailbox rule" provides that a prisoner's federal pleadings should be considered to have been filed as of the date the pleadings were presented to the prison authorities for mailing. See Houston v. Lack, 487 U.S. 266, 270-71, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Plaintiff signed his pleadings on September 21, 2005. Therefore, the court assumes that this was the earliest date that the petitioner could have presented his pleadings to the authorities for mailing.

that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).[3]

The tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. Villegas, 184 F.3d 467, citing Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Thus, in order to do an accurate timeliness analysis under §2244(d)(1)(A), four dates are generally necessary: (1) the date upon which the judgment of conviction and sentence became final; (2) the date(s) upon which any applications for post-conviction or other collateral relief was properly filed; (3) the date upon which these applications for post-conviction or other collateral relief ceased to be properly filed; and, (4) the date upon which the federal *habeas corpus* petition was filed.

Petitioner appealed his conviction to the Third Circuit

---

[3] Petitioner does not suggest that the period of limitation should be reckoned from any other event as provided in subsections (B), (C), or (D) of §2244(d)(1).

4

Court of Appeal; when that court affirmed his conviction he sought review in Louisiana's Supreme Court. That court denied relief on June 15, 2001. State of Louisiana v. Jackie Ray Bush, 2000-1631 (La. 6/15/2001), 793 So.2d 1233. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review" under 28 U.S.C. § 2244(d)(1)(A), ninety days after the Louisiana Supreme Court denied his petition, or on or about September 15, 2001, the last day on which he could have filed a petition for a writ of *certiorari* in the United States Supreme Court. See, U.S. SUP.CT. R. 13; see Ott v. Johnson, 192 F.3d 510, 513 (5th Cir.1999).

Under 28 U.S.C. § 2244(d)(1) he had one year, or until September 15, 2002 to file his federal *habeas* petition.

Petitioner was able to toll the limitations period when he filed his Application for Post-Conviction Relief April 17, 2002. However, by the time he was able to avail himself of tolling, a period of seven months (213 days) had already elapsed.

Assuming that petitioner timely filed his writ applications in the court of appeals and the Supreme Court, he was able to continue tolling the limitations period until September 24, 2004 when the Supreme Court denied writs and his post-conviction proceedings ceased to be properly filed or pending. State ex rel. Jackie Ray Bush v. State of Louisiana, 2003-KH-2336 (La.

9/24/2004), 882 So.2d. 1153. Thereafter, a period of 361 days (or eleven months and 27 days) elapsed before he filed his federal *habeas corpus* petition on September 21, 2005.

Thus, a period of well over eighteen un-tolled months have elapsed between the date that petitioner's judgment of conviction and sentence became final and the date he filed his federal *habeas corpus* petition.

In short, petitioner's *habeas corpus* is barred by the timeliness provisions of the AEDPA and dismissal on that basis is recommended.

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitations period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this**

Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this 19th day of _____, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE